# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
        *Plaintiff,*

v.                                                  Case No. **2:16-cr-20032-JAR**

**LORENZO BLACK,**
**KARI CARTER,**
**ANTHON AIONO,**
**ALICIA TACKETT,**
**CATHERINE ROWLETTE,**
**DAVID BISHOP,**
        *Defendants.*

---

## ORDER APPOINTING SPECIAL MASTER

---

The joint request for an appointment of a Special Master is submitted to the Court upon the motion of the Federal Public Defender. Counsel appearing for the defendants are John Jenab, David Guastello, Jason Hoffman, Kathleen Ambrosio, Michael Jackson, and Cynthia Dodge. Melody Brannon and Kirk Redmond of the Federal Public Defender's Office appear as Movants. Counsel appearing for the Government are Debra Barnett, Duston Slinkard, and Emily Metzger.

The Court has given the parties notice and an opportunity to be heard. [1]Exercising its inherent authority to manage litigation, and its authority

---

[1] See Fed. R. Civ. P. 53(b)(1).

under Fed. R. Civ. P. 53, **IT IS HEREBY ORDERED that** [Special Master's Name] of [Address] is appointed Special Master.

### Scope of Special Master Inquiry

The Special Master shall inquire determine:

1.      The past and current policy and practice of all holding facilities under contract with the United States Marshal Service to house pretrial detainees in the District of Kansas with regard to:

    1.1    Video recordings of attorney-client communication; [2]

    1.2.   Audio recordings of attorney-client communication;

    1.3    Any other means of surveilling attorney-client communication;

    1.4    Recording or monitoring legal mail.

2.     When and under what circumstances each facility makes or has made available to any third party, including law enforcement officials and the United States Attorney's Office, the follow materials, without regard to any claim of waiver:

    2.1    Video recordings of attorney-client communication;

    2.2    Audio recordings of attorney-client communication;

    2.3    Legal mail.

---

[2] For purposes of this Order, "counsel," "attorney-client," and "legal communication" will include other members of the defense team who fall within the scope of attorney-client confidentiality and privilege, including investigators, interpreters, experts, and other designated service providers.

3. The instances in which the Kansas United States Attorney's Office or its agents has sought production, formally or informally, of any attorney-client communications for use in an investigation or prosecution, and, in those instances,

   3.1 whether counsel or the defendant were notified;
   3.2 whether the materials were used in the investigation or prosecution;
   3.3 whether the materials were made available or disseminated to others; and
   3.4 whether those materials are still in the possession of the Kansas USAO.

4. The instances in which the United States Attorney's Office has inadvertently come into possession of any attorney-client communications from any Kansas holding facility during an investigation or prosecution, and,

   4.1 whether counsel or the defendant were notified;
   4.2 whether the materials were used in the investigation or prosecution;
   4.3 whether those materials were disseminated or made available to others;
   4.4 whether those materials are still in the possession of the USAO; and
   4.5 how the USAO or its agents came to be in possession of the attorney-client communications.

5. With regard to *United States v. Black*, 16-cr-20032-JAR, and related cases,

    5.1   the scope of the recordings;

    5.2   how the video recordings of attorney-client meetings or phone calls were identified;

    5.3   whether there was any audio of the attorney-client meetings;

    5.4   who had knowledge of or access to the recordings, including any USAO-designated internal privilege review team, and whether there was any derivative action, prosecution, or investigation as a result of that knowledge or access;

    5.5   who actually viewed or heard any of the recordings and when, and whether there was any derivative action or investigation as a result of that viewing.

6. Determine, to the extent possible, which defendants and which attorneys are on the video recordings or on the phone recordings.

7. Determine whether and when the U.S. Marshal has obtained confidential recordings of attorney-client communications.

8. Any other inquiry the Special Master, in consultation with the Court, deems reasonable and necessary.

## Authority of the Special Master

[Special Master's Name] shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters and shall have the authority to take all appropriate measures to perform the assigned

duties. The Special Master may by Order impose upon a party any sanction other than contempt and may recommend a contempt sanction against a party and contempt or any other sanction against a non-party.

To discharge the above duties, the Special Master shall be allowed to engage in ex parte conversations with counsel for the parties in order to permit full consideration of the issues. Any ex parte conversation will be conducted on the record in order to permit appropriate review by the undersigned Court or the appellate courts.

The Special Master shall be paid $ \_\_\_\_ per hour for work done pursuant to this Order, and shall be reimbursed for all reasonable expenses incurred.

The Special Master is authorized to hire _____ to assist in completion of the matters referred to the Special Master by this Order.

The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order, and shall submit to the Court written findings and recommendations.

### Access to the Special Master Findings

The parties shall file with the Clerk all papers for consideration by the Special Master. The Special Master shall also file with the Clerk all reports

or other communications with the undersigned Court.[3] At the conclusion of the Special Master's inquiry, the Court shall, at its discretion, make available to the parties the findings and recommendations of the Special Master.

Any party seeking review of any ruling of the Special Master shall comply with the requirements of Fed. R. Civ. P. 53(f).

**IT IS SO ORDERED.**

**Date:**

_____
The Honorable Julie A. Robinson
United States District Court Judge

---

[3] Fed. R. Civ. P. 53(b)(2)(C).

6