IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
   *Plaintiff,*

  v.         Case No. **2:16-cr-20032-JAR**

**LORENZO BLACK,**
**KARI CARTER,**
**ANTHON AIONO,**
**ALICIA TACKETT,**
**CATHERINE ROWLETTE,**
**DAVID BISHOP,**
   *Defendants.*

**SUPPLEMENT TO REPLY (D.E. 130) TO GOVERNMENT'S RECOMMENDATION RELATED TO SCOPE OF SPECIAL MASTER (D.E. 120) AND GOVERNMENT'S RESPONSE TO MOTION TO IMPOUND EVIDENCE (D.E. 121)**

After filing the Reply on September 2, 2016, we received additional information that Corrections Corporation of America (CCA) records attorney-client phone calls, even when the attorney's telephone number had been entered into CCA's registry as a private number. This is contrary to CCA's representations. It is contrary to the government's representations. And it defeats the government's last bastion of defense.

Gary Hart is a long-time criminal defense attorney who regularly practices in the United States District Courts in Kansas and the Western District of Missouri. He is on the CJA panel in both districts. Beginning in 2001, he submitted his phone number to CCA and specifically asked that phone calls from his clients at CCA not be recorded. He was assured, in writing, that the calls would not be recorded.

On August 19, 2016, Mr. Hart subpoenaed Securus, the phone company serving CCA, for records of phone calls made by his clients from CCA to his office phone number. Under the agreement with CCA, none of these calls should have been recorded. He specifically sought records for calls made by his client Domingo Uriate between April 2015 and April 2016 to AFPD Tom Bartee and CJA panel attorney Tricia Bath, who had both previously represented Mr. Uriate in the same case.

In response to the subpoena, Mr. Hart received recordings of calls made by his clients to his office phone number—calls which he had been assured would not be recorded.

He also received recorded calls from Mr. Uriate to the Federal Public Defender and Ms. Bath. Before this, the FPD understood that calls with FPD clients from CCA would not be recorded. Before this, Ms. Bath's firm had

taken steps to make certain that their attorney-client calls would not be recorded.

And, finally, the records sent to Mr. Hart by Securus include recorded phone calls between the FPD and FPD clients *other than Mr. Uriate.*

Mr. Hart has detailed all of this in the attached Affidavit, including his written requests to register his phone number and the confirmation he received from CCA.

The government's claimed waiver of attorney-client privilege crumbles in light of this new information. The government's last resort—that the defendants or counsel had an affirmative obligation to tell CCA to forgo recording attorney-client phone calls—fails because there was no mechanism by which to ensure that the calls were not recorded.

As with the other late and seemingly endless revelations, this creates more questions and the government offers no answers. To date, the government has still not explained how they got the attorney-client phone calls in the first place. To date, the government has not denied knowing about the attorney-client phone calls. To date, the government has not denied listening to the attorney-client phone calls. The government has been evasively and markedly silent in response to rather damning evidence of Sixth Amendment violations. As with the other late and seemingly endless

revelations, this compels a Special Master with authority to investigate the new developments.

                                  Respectfully submitted,

                                  <u>s/Melody Brannon</u>
                                  MELODY BRANNON #17612
                                  Federal Public Defender for the
                                  District of Kansas
                                  117 SW 6th Avenue, Suite 200
                                  Topeka, Kansas 66603-3840
                                  Phone: 785/232-9828
                                  Fax: 785/232-9886
                                  E-mail Address: melody_brannon@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 6, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald Christopher Oakley
Assistant United States Attorney
Office of the United States Attorney – Kansas City
chris.oakley@usdoj.gov

Erin S. Tomasic
Assistant United States Attorney
Office of the United States Attorney – Kansas City
erin.tomasic@usdoj.gov

Debra L. Barnett
Criminal Chief
Assistant United States Attorney
Office of the United States Attorney – Wichita
debra.barnett@usdoj.gov

Duston J. Slinkard
Assistant United States Attorney
Office of the United States Attorney- Topeka
duston.slinkard@usdoj.gov

John Jenab
Jenab Law Firm, PA
john.jenab@gmail.com

David J. Guastello
The Guastello Law Firm, LLC
david@guastellolaw.com

Jason P. Hoffman
Hoffman & Hoffman
jphoffman@sbcglobal.net

Kathleen A. Ambrosio
Ambrosio & Ambrosio Chtd.
kaambrosio@yahoo.com

Michael M. Jackson
jacksonmm@aol.com

Cynthia M. Dodge
Cynthia M. Dodge, LLC
cindy@cdodgelaw.com

Shazzie Naseem
Berkowitz Oliver LLP - KCMO
snaseem@berkowitzoliver.com

Jacquelyn E. Rokusek
Rokusek Law, LLC
rokuseklawoffice@yahoo.com

Jonathan L. Laurans
jlaurans@msn.com

s/ Melody Brannon
Melody Brannon
